# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cr109-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| ROBERTA KENNEDY, ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the court on defendant's Notice of Appeal from the magistrate judge's Order of detention, which was entered in accordance with 18, United States Code, Section 3143(a)(2). Specifically, defendant was ordered detained as she had pled guilty to a crime of violence for which a term of imprisonment of more than 10 years was prescribed and to which no exception applied under Section 3143(a)(2)(A). In accordance with Section 3145(c), the court has promptly considered the appeal from such detention Order, and will deny the appeal as the court has found that no exceptional circumstance has been shown.

Determination of detention in cases such as this starts with an understanding that detention is initially *mandated* by 18, United States Code, Section 3143(a)(2), which provides:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other

-1-

person or the community.

18 U.S.C. § 3143(a)(2). Where a defendant pleads guilty to a crime of violence carrying a maximum possible penalty of at least ten years, this provision provides that the court "shall" detain the defendant where the defendant cannot meet either the A(i) or A(ii) exception. Id. As the statute required defendant's detention, the defendant's only remedy from the magistrate judge's Order is found in 18, United States Code, Section 3145(b)&(c), which provides as follows:

> **(b) Review of a Detention Order.**— If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> **(c) Appeal From a Release or Detention Order.**— An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143 (a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143 (a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(b)(&(c). See United States v. Goforth, 546 F.3d 712 (4th Cir. 2008); United States v. Vilaiphone, 2009 WL 412958 (Feb. 19, 2009 W.D.N.C.) (Reidinger, J., applying Goforth and finding no exceptional circumstance)

While this court is not bound by the decision of its colleague in Vilaiphone, Judge Reidinger's well-researched summary of what other courts have found to be or not to be exceptional circumstances may be helpful in understanding what may constitute an exceptional circumstance:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." *See United States*

*v. Larue*, 478 F.3d 924, 926 (8th Cir.2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); *United States v. Lea*, 360 F.3d 401, 403 (2d Cir.2004) ( "Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (*quoting United States v. DiSomma*, 951 F.2d 494, 497 *2d Cir.1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. *See United States v. Little*, 485 F.3d 1210, 1211 (8th Cir.2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." *See Lea*, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). *See United States v. Garcia*, 340 F.3d 1013, 1022 (9th Cir.2003) ("Hardships that commonly result from imprisonment do not meet the standard."); *United States v. Mahabir*, 858 F.Supp. 504, 508 (D.Md.1994) ("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c) .").

Id., at 2. While the court is aware of other decisions of colleagues finding exceptional circumstances based on other reasons, including life-and-death medical concerns, it is clear to this court that anticipation of a low-end sentence is not an exceptional circumstance. Indeed, the remedy for defendant in this situation is to request an expedited PSR and sentencing, which could potentially minimize her time in a local facility.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Notice of Appeal (#31) is **DENIED**, and the magistrate judge's Order revoking bond is **AFFIRMED**. The stay of such Order of Detention is **DISSOLVED**, and defendant shall self surrender to the United

States Marshal when instructed to do so by her pretrial services officer.

Signed: August 31, 2012

Max O. Cogburn Jr.
United States District Judge